```
All future discovery filings shall
   include the following language
       on the cover page:
  "[Referred to Magistrate Judge
       Suzanne H. Segal]"
```

FILED
AUG 30 2012
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>STEIN MART, INC., a Florida Corporation; REVUE LLC, a New York Corporation; TRENDZ, LTD., a New York Corporation; VF CORPORATION, a California Corporation; SPORT-ELLE, INC., a New York corporation; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No.: CV11-9989-GHK (SSx)<br><br>[~~PROPOSED~~] JOINT STIPULATED PROTECTIVE ORDER<br><br>Assigned For All Purposes To The Honorable: George H. King<br><br>Courtroom: 650<br><br>Complaint Filed: December 1, 2011 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Pursuant to the parties' Statement Of Good Cause And Stipulation For Protective Order filed on August 29, 2012, and having considered the parties' respective Good Cause Statement which is set forth below, this Court orders that this Protective Order is hereby entered in the above-captioned action.

1

## GOOD CAUSE STATEMENT

There is good cause for the entry of a Protective Order to safeguard the confidentiality of the parties' confidential proprietary documents and things. Each party has identified the particular documents and things it believes contain trade secrets (as defined by Cal. Civ. Code §3426.1(d)[1]) or otherwise confidential and/or proprietary information and the specific prejudice or harm each believes would result without a Protective Order, as follows:

**Statement of the Plaintiff Star Fabrics.** Plaintiff seeks profit disgorgement from Defendants and understands that Defendants believe certain sales and expense information related to the sales of the infringing garment to be confidential and sensitive information. In addition to desiring to facilitate the flow of information from Defendants, Plaintiff believes each category identified below to potentially contain trade secrets (as defined by Cal. Civ. Code § 3426.1(d)) or otherwise confidential and proprietary information deserving special protection from public disclosure under Fed. R. Civ. P. 26(c)(1).

- **Financial information, including sales reports, profit and loss data.** Plaintiff is not a publicly traded company, and its financial information is kept entirely private. It anticipates that during the course of this

---

[1] Cal. Civ. Code §3426.1(d): "Trade secret" means information, including a formula, pattern, compilation, program,, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

proceeding, Defendants may request certain financial information showing its balance sheets, revenues, marginal costs, G&A and as a result its gross and net margins and net profit and that, although the relevance of such information is not conceded.

- **Vendor lists, Customer lists.** Plaintiff may need to produce vendor lists of specific manufacturers; customer lists and customer contact information, none of which has ever been publicized and the publication of which would injure Plaintiff for the reasons given above.

**Statement of Defendants, Sport Elle, Inc., Stein Mart, Inc. and VF Corporation.**

Given the nature of the claims made in this proceeding, the following documents are likely to be requested of and produced by Defendants. Defendants believes each category identified below to contain trade secrets (as defined by Cal. Civ. Code § 3426.1(d)) or otherwise confidential and proprietary information deserving special protection from public disclosure under Fed. R. Civ. P. 26(c)(1).

- **Design materials.** This category of information, which Defendants anticipate producing in this case, includes specific, confidential patterns used for the manufacturer of clothing. This material will be used by all of the parties to determine whether there has been any copyright infringement of Plaintiff's patterns. Defendants consider information relating to them to be highly confidential and proprietary trade secrets.

Defendants have several competitors in the relevant market, including Plaintiff. The unprotected disclosure of this information would enable competitors to reap the benefits of Defendants' intellectual endeavors while substantially avoiding research and development costs that Defendants already have expended. This would secure an unwarranted competitive edge on these competitors, which would substantially harm the Defendants, and each of them.

- **Financial information, including sales reports, profit and loss data.** Of the Defendants, only VF Corporation is a publicly traded company. The others keep their financial information entirely private. VF Corporation's required financial disclosures do not extend to per-item or per-style profitability, which it maintains confidential. Defendants anticipate that during the course of this proceeding, they will produce certain financial information showing their balance sheets, revenues, marginal costs, G&A and as a result their gross and net margins and net profit, some or all of which may be highly confidential, depending on the producing party. It is anticipated that Plaintiff will use this information to make damage projections.

- **Vendor lists, Customer lists.** Defendants anticipate producing vendor lists of specific manufacturers and customer lists and customer contact information, none of which has ever been publicized and the publication

of which would injure Defendants as it could be used by competitors, including Plaintiff, to gain an unfair advantage in the marketplace.

Defendants have taken a number of steps to protect the confidentiality of this information. Design data has been and routinely is covered by confidentiality agreements reached with customers and vendors. Drawings and schematics typically are marked "confidential," "proprietary," and as the property of the Defendants. Defendants' computers are password protected. Defendants' offices that contain the confidential material are given limited access, and sign-in is required. Defendants routinely protect information under development by means of confidentiality agreements with vendors and customers. Key employees are tied to confidentiality and/or non-compete agreements to cover the confidential documents and information from dissemination to competitors and the public at large. Defendants have vigorously enforced its trade secret protection in the past when employees have departed and attempted to utilize it without Defendants authorization.

Pursuant to Federal Rule of Civil Procedure 26(c)(l), the court "may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or expense, including one or more of the following:...requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way...." Fed. R. Civ. P. 26(c)(l). "Courts commonly issue Protective Orders limiting access to sensitive information to counsel and their experts. "These Protective Orders represent judicial efforts to strike

a proper balance between 'the philosophy of full disclosure of relevant information' and the need for 'reasonable protection against harmful side effects,' such as the risk that disclosure will result in competitive harm." <u>Nutratech. Inc. v. Syntech (SSPF) Intl. Inc.</u>, 242 F.R.D. *552, 555* (C.D. Cal. 2007) (internal citations omitted) (citing <u>Vesta Corset Co., Inc. v. Carmen Found, Inc.</u>, 1999 WL 13257, at 3 (S.D.N.Y. 1999) and <u>Davis v. AT & T Corp.</u>, 1998 WL 912012, at 2 (W.D.N.Y. 1998)).

Additionally, there would be little, if any, harm caused by the protection of such confidential documents and information. The parties are not a governmental entity or official, and this action does not involve issues of public policy. Rather, this is a garden variety copyright infringement case between the parties. Thus, the Protective Order will not detract from the well-being of the public at large and the parties' intellectual property will be protected. Moreover, all parties have stipulated to the terms of the Protective Order, suggesting that there is little or no risk that the Protective Order will impair the prosecution or defense of the claims asserted herein. See <u>Nutratech</u>, *supra* at *555* ("Where trade secrets or other confidential commercial information is involved, the court will balance the risk of disclosure to competitors against the risk that a Protective Order will impair prosecution or defense of the claims." (internal citations omitted) (citing <u>Brown Bag Software v. Symantec Corp.</u>, 960 F.2d 1465, 1470 (9th Cir. 1992)).

Because the prejudice and harm that the risk of disclosure of the parties' respective confidential and proprietary material outweigh any risk of impairment of

the prosecution or defense of the claims in this action and any public interest, such documents should be subject to a Protective Order.

## TERMS OF CONFIDENTIALITY ORDER

1.   This Protective Order shall apply to: (1) all documents or information provided by any party to the other parties and/or their counsel during discovery or other pretrial proceeding in this action that the producing party designates as privileged, confidential and/or proprietary; (2) any written discovery response provided by any party to the other parties and/or their counsel during discovery in this action that the producing party designates as privileged, confidential and/or proprietary; and (3) any testimony, whether at deposition or by written declaration, designated by a party as privileged, confidential or proprietary, in accord with this Protective Order, and solely as to such documents, responses, testimony exist within the categories of documents described below.

No document, discovery response, or testimony shall be designated as confidential if: (a) at the time of disclosure to the parties, the information is in the public domain; (b) after disclosure to the parties, the information becomes part of the public domain as a result of publication not involving a violation of this Protective Order; (c) a receiving party can show the information was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; or (d) a receiving party can show the information was independently developed by it, before the time of

the disclosure, or after the time of disclosure by personnel who have not had access to the producing party's privileged, confidential and/or proprietary documents or information contained therein.

2. All documents, discovery responses and testimony that a party designates privileged, confidential and/or proprietary as described in Paragraph one hereinabove shall hereinafter be referred to as "CONFIDENTIAL INFORMATION" and shall further include any copies, summaries or other documents, in whatever form, derived in whole or in part from such CONFIDENTIAL INFORMATION. CONFIDENTIAL INFORMATION governed by the terms of this Protective Order shall be used only for the purpose of the prosecution, defense or settlement of this action, and for no other purpose.

3. CONFIDENTIAL INFORMATION designated pursuant to this Protective Order may be disclosed or made available only to the Court, to counsel of record for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the following "qualified persons":

    a. a party, or a current or former officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

    b. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

    c.    court reporters and videographers employed in this action;

    d.    outside photocopying, messenger and litigation support service providers used or employed in this action;

    e.    a witness at any deposition or other pretrial proceeding in this action; and

    f.    any other person to whom the parties agree to in writing.

Prior to receiving any CONFIDENTIAL INFORMATION, each of the aforementioned "qualified person(s)" (with the exception of court reporters, videographers, the producing party's personnel, counsel and their staff, and witnesses at a deposition) shall be provided with a copy of this Protective Order and shall execute a nondisclosure agreement in the form of Exhibit "A" thereto (and also attached hereto). Before any party discloses CONFIDENTIAL INFORMATION to a consultant or retained expert, that party shall provide written notice of the name of the consultant or expert to all parties and represent that the consultant or expert has executed a nondisclosure agreement in the form of Exhibit "A" hereto. If the party who designated information privileged, confidential and/or proprietary in good faith objections to the consultant or expert receiving the CONFIDENTIAL INFORMATION, that party shall provide his, her or its objection in writing within five (5) days of receiving notice of the name of the expert or consultant. Any such written objection shall state with specificity the reason(s) for such objection.

Upon timely objection, counsel shall immediately meet and confer pursuant to Local Rule 37 in an attempt to resolve the issue informally. If the parties cannot resolve the issue informally, the objecting party may seek protection from the Court by way of a motion pursuant to LR 37 ~~or ex parte application~~, if appropriate. In making such a motion, the party seeking protection shall bear the burden of showing the specific prejudice or harm that will result if disclosure is made to the particular expert or consultant. CONFIDENTIAL INFORMATION under these circumstances shall not be disclosed to such expert or consultant until the Court has ruled on the objecting party's motion, unless and except as the parties otherwise agree in writing.

    4.  If testimony is given in this case at deposition that relates or refers to CONFIDENTIAL INFORMATION, the deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either: (a) at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked confidential by the reporter; or (b) within fourteen (14) days following the receipt of the deposition transcript by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as confidential. Accordingly, all deposition transcripts not previously designated pursuant to "(a)" above shall be treated as if designated confidential by the parties for period of fourteen (14) days after receipt of the transcript.

5.　A nonparty from whom discovery is sought in this action, and who believes in good faith that the discovery sought will disclose information that is confidential or propriety to his, her or its business, may obtain the protection of this Protection Order by designating his, her or its discovery response(s), be it in the form of documents or testimony, as privileged, confidential and/or proprietary in the manner provided herein. A party may designate information produced by a nonparty as CONFIDENTIAL INFORMATION if the information meets the criteria set forth in this Protective Order by providing written notice to all parties of the relevant document(s) or other identification of the discovery response within fourteen (14) days after receiving such discovery. All parties shall treat nonparty production(s) discovery responses as CONFIDENTIAL INFORMATION for a period of fourteen (14) days after the receipt of the production/discovery responses to allow the opportunity for designation of same.

6.　If any party inadvertently discloses privileged, confidential and/or proprietary documents to a party not authorized to receive such documents, the party making such inadvertent disclosure shall notify the receiving party in writing within ten (10) days after it learns of the inadvertent disclosure. Upon receipt of such written notice, the party who received the inadvertently disclosed documents shall return such materials within two (2) business days and verify in writing that no copies were made or retained by the individual receiving the unauthorized documents. If the

recipient disputes the privilege, work product, or confidentiality claim on an inadvertently produced document, it must follow the procedures of Local Rule 37.

7.  Except when authorized by statute, federal rule, the Judicial Conference of the United States, or order of the Court, a party may not attach or include CONFIDENTIAL INFORMATION to or in any Court papers unless the party files the documents under seal pursuant to an order of this Court and in accordance with Local Rule 79-5 et seq. The party filing any paper which reflects, contains or includes any CONFIDENTIAL INFORMATION subject to the Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indentifies the title of the action, the party filing the materials, the nature of the materials filed, the word confidential stamped thereon and a statement substantially in the following form:

> "This envelope contains documents subject to a Protective Order of the Court. It should not be opened nor its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties."

8.  In the event that any CONFIDENTIAL INFORMATION is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use. In accordance with Local Rule 79-5.2, no sealed

CONFIDENTIAL INFORMATION maintained by the court clerk shall be disclosed except upon written order of the court.

9. Notwithstanding any other provision of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing a document designated as CONFIDENTIAL INFORMATION to any person whom the document clearly identifies as an author, addressee or recipient of such document; and regardless of a designation as CONFIDENTIAL INFORMATION pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statement of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure prohibited by this Protective Order.

10. No person may disclose any designated CONFIDENTIAL INFORMATION except as provided for in this Protective Order, but nothing herein shall affect the right of the producing party to disclose it to its officers, directors, employees, consultants or experts, or to any other person. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their counsel to disclose such information in violation of this Protective Order.

11. This Protective Order shall not prejudice the parties in any way in any future application for modification of this Protective Order, including by not limited to a request for the Court to consider a designation of privilege, confidential and/or

proprietary and accept it or reject it, subject, however, to the parties' compliance with Local Rules 37-1 and 37-2.

12. Nothing in this Protective Order or the giving of testimony or the production of any information or documents under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by the producing party or of altering the confidentiality of any of the CONFIDENTIAL INFORMATION.

13. This Protective Order is strictly a pretrial order and does not govern the trial in this action. The extent that a party desires an in-trial Protective Order, it will file appropriate motion(s) with the Court to secure specific protection for materials utilized in trial. Upon termination of this case, if requested by the producing party, counsel for the receiving parties shall assemble and return to the producing party's counsel all documents marked privileged, confidential and/or proprietary and all copies of same. If no such request is made by a producing party, then the other parties shall destroy all confidential documents and shall certify that said destruction occurred.

14. Nothing in this Protective Order shall require the Court or its employees to provide any greater protection for CONFIDENTIAL INFORMATION than that required by Rule 79-5.

15. Any disputes arising out of or relating to this Protective Order, such as designation of documents or other information as privileged, confidential and/or

proprietary, must be done pursuant to Local Rule 37. In such proceedings, the party seeking to maintain a document or other information as confidential shall bear the burden of showing specific prejudice or harm will result unless a protective order is granted. Phillips ex rel. Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002).

16. Nothing contained in this Protective Order shall operate as an admission by the producing party or a concession by any party that any particular CONFIDENTIAL INFORMATION is, or is not, confidential, relevant, or admissible in this proceeding. Nothing in this Protective Order is intended to subtract from, or modify the producing party's objections to any request for production of CONFIDENTIAL INFORMATION.

17. This Protective Order shall be binding on each party (and each qualified person) who signs it, regardless of whether all parties become signatories hereto.

18. This Protective Order may be modified only by order of the Court pursuant to motion or written stipulation signed by counsel for the parties to the litigation and approved by the Court.

19. The parties, through their respective counsel, agree that facsimile signatures shall have the same force and effect as originals.

IT IS SO ORDERED.

DATED: August 30, 2012

The Honorable ~~George H. King~~
Suzanne H. Segal
U.S. Magistrate Judge

# EXHIBIT "A"

# NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Joint Stipulated Protective Order entered in *Star Fabrics, Inc. v. Stein Mart, Inc. et al.*, pending in the United States District Court, Central District, bearing Case No. CV11-9989-GHK(SSx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I understand that if I violate the terms of the Protective Order, I may be subject to sanctions or contempt of court proceedings. I hereby consent to the jurisdiction of said Court for purposes of enforcing the Protective Order.

**DATED:**_____     _____
                                                              [Signature]

```
All future discovery filings shall
   include the following language
         on the cover page:
   "[Referred to Magistrate Judge
          Suzanne H. Segal]"
```